IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **HERU H. SEGU,** | * | |
| **Plaintiff,** | * | |
| v. | * | Civil Action No.: CCB-07-3299 |
| **MARYLAND DIVISION OF CORRECTION,** *et al.* | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**OPPOSITION TO MARYLAND DIVISION
OF CORRECTION'S MOTION TO DISMISS**

Plaintiff, Heru H. Segu ("Mr. Segu" or "Plaintiff"), by and through his undersigned attorneys, hereby files this Opposition to the Motion to Dismiss filed by Defendant Maryland Division of Correction ("DOC"), and states as follows.

**RELEVANT FACTS AND PROCEDURAL BACKGROUND**

Between June and October 2007, Plaintiff sustained multiple injuries at the hands of DOC employees while incarcerated at Roxbury Correctional Institute. See Amend. Compl. ¶¶ 8-40. On December 7, 2007, Plaintiff filed a complaint with this Court, claiming, *inter alia*, that DOC, by and through the individual defendants captioned above, deprived him of his constitutional rights under 42 U.S.C. §1983. *Id*. ¶ 1.

On May 9, 2008, DOC filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment ("First Motion to Dismiss"), where it invoked the defense of sovereign immunity, though only in a footnote. First Motion to Dismiss, at p. 1 note 2; ECF No. 22. On January 8, 2009, the Honorable Andre Davis issued an Order (the "Order") denying the First Motion to Dismiss in its entirety. ECF No. 38.

Despite this Court's denial of the DOC's First Motion to Dismiss, the DOC did not move this Court to reconsider the Order nor did it request an interlocutory appeal. In fact, after the First Motion to Dismiss was denied, the DOC did not attempt to raise sovereign immunity until over two (2) years after the Order was entered.

On November 9, 2011, Plaintiff's Motion for Leave to Amend was granted and its Amended Complaint was docketed by the clerk. On January 17, 2012 – more than two months since the Amended Complaint was filed and more than two years since the Order was issued – DOC filed a Motion to Dismiss the Amended Complaint (the "Second Motion to Dismiss"). In its Second Motion to Dismiss, DOC does nothing more than restate, nearly verbatim, its arguments on sovereign immunity presented (and denied by this Court) in the First Motion to Dismiss. *See* Second Motion to Dismiss ¶¶ 5, 6; ECF No. 72.

## ARGUMENT

The Second Motion to Dismiss is untimely and should be denied for that reason alone. Moreover, it should be denied because the DOC has waived its right to sovereign immunity and/or consented to be sued in this Court.

First, under Federal Rule of Civil Procedure 15(a)(3), DOC had only fourteen days to respond to the Amended Complaint after it was docketed (and thus deemed served) on November 9, 2011. DOC did not respond until it filed its Second Motion to Dismiss on January 17, 2012, nearly two months late. Accordingly, the Second Motion to Dismiss is untimely and should be denied.

Second, by failing to raise the defense of sovereign immunity in the argument section of its First Motion to Dismiss, DOC has waived it. Pursuant to Federal Rule of Procedure 12(h)(1)(A), a defendant must raise the defense of sovereign immunity, as with any other defense

related to personal jurisdiction,[1] in its initial motion to dismiss or else it is waived. By merely invoking sovereign immunity in a footnote, the DOC failed to timely raise the issue before the Court. *See Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 43 F.3d 1054, 1058 (6th Cir. 1995) (refusing to address an issue mentioned only in a footnote as it was "not properly raised"). Accordingly, DOC has waived its defense of sovereign immunity. *See City of Kenosha v. State of Wisconsin*, 151 N.W.2d 36, 42 (Wis.1967) (finding that Secretary of State waived sovereign immunity by failing to object to the court's exercise of jurisdiction over the case).

Third, the manner in which DOC responded to the Order further demonstrates its waiver of sovereign immunity in this case.[2] Indeed, a state may implicitly waive sovereign immunity through its conduct. *See Montgomery v. Maryland,* No. 00-1019, slip. Op. at 1 (D. Md. July 8, 2002)(confirming that a state that has removed a case to the federal court is estopped from asserting sovereign immunity); *see also In re Crisp*, 521 F.2d 172, 178 (2nd Cir. 1975) (ruling that a state waived its defense of sovereign immunity by filing a proof of claim with the court in connection with a debt owed to it by a bankrupt entity); *Ferrell v. Department of Transp.*, 34 N.C. 650, 654 (N.C. 1993) ("[A] State my implicitly waive its immunity through conduct."); *Architectural Woods, Inc. v. Washington*, 598 P.2d 1372, 1375 (Wash. 1979)( "[T]he consent [of a state] to liability . . . can be an implied consent, and is not limited to the express statutory or contractual consent."). Upon the denial of its First Motion to Dismiss, the DOC's remedy was to move to reconsider or file an interlocutory appeal. Instead, for over two years, it did nothing. The DOC's dilatory conduct quite clearly demonstrates that DOC acquiesced to jurisdiction in this

---

[1] "The general rule appears to be that sovereign immunity is a matter of personal jurisdiction." *City of Kenosha v. State*, 151 N.W.2d 36 (Wis. 1967). *See generally, Sovereign Immunity as a Doctrine of Personal Jurisdiction*, 115 Harv. L. Rev. 1559 (2002).

[2] It has long been held that sovereign immunity is a privilege that may be waived. *See, e.g., Clark v. Barnard*, 108 U.S. 436, 447 (1883) ("The immunity from suit belonging to a state . . . is a personal privilege which it may waive.").

Court and constitutes an implicit waiver of sovereign immunity in this case. The untimely Second Motion to Dismiss does not and is not permitted to remedy that waiver.

Finally, the Second Motion to Dismiss should be denied because Judge Davis' ruling is law of the case. Under the law of the case doctrine, "earlier decisions of a court must be followed" at all successive stages of the case. *Saint Annes Development Co., LLC v. Trabich*, No. WDQ-07-1056, 2012 WL 135281 at *3 n. 12 (D. Md. January 13, 2012). *See also Boyd v. Coventry Health Care Inc.*, No. 8:09-cv-02661-AW, 2011 WL 5854627, at *2 (D. Md. Nov. 18, 2011). By denying the First Motion to Dismiss in its entirety, Judge Davis determined that DOC is not immune in this case. That determination became law of the case and must be upheld.[3]

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff, Heru H. Segu, respectfully requests that this Court deny the Second Motion to Dismiss filed by Defendant, Division of Correction, as it did the First.

Respectfully submitted,

    /s/
Todd M. Reinecker (#27082)
Scott Wilson (# 28602)
Joshua J. Gayfield (#29189)
Christopher Zirpoli (#29621)
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 727-6464

---

[3] This Court has noted that, under the law of the case doctrine, an earlier decision need not be followed when it is "clearly erroneous and would work a manifest injustice." *Boyd v. Coventry Health Care Inc.*, No. 8:09-cv-02661-AW, 2011 WL 5854627, at *2 (D. Md. Nov. 18, 2011). That exception is not applicable here. Judge Davis' ruling was not in error as DOC neglected to raise the issue of sovereign immunity in its First Motion to Dismiss. Moreover, no "injustice" would result from maintaining suit against DOC because, as explained above, it has waived its right to sovereign immunity.

        treinecker@milesstockbridge.com
        jgayfield@milesstockbridge.com
        swilson@milesstockbridge.com
        czirpoli@milesstockbridge.com

*Attorneys for Plaintiff*