

DOUGLAS F. GANSLER
*Attorney General*
rgordon@oag.state.md.us

E-MAIL

(410) 576-6880
FACSIMILE NO.

KATHERINE WINFREE
*Chief Deputy Attorney General*

JOHN B. HOWARD, JR.
*Deputy Attorney General*

STATE OF MARYLAND
OFFICE OF THE ATTORNEY GENERAL

(410) 576-6424
WRITER'S DIRECT DIAL NO.

February 21, 2013

The Honorable Catherine C. Blake
United States District Court
 for the District of Maryland
Garmatz Federal Courthouse
101 W. Lombard Street, Chambers 7D
Baltimore, Maryland 21201

      Re:    *Segu v. Maryland Division of Corrections, et al.*
              Civil Action No. CCB-07-3299

Dear Judge Blake:

      After some discussion with Plaintiff's counsel, I am writing in response to his letter to you of December 19, 2012 regarding discovery matters.

      I have requested copies of the defendants' personnel files and intend to provide them to Plaintiff's counsel after the redaction of personal information.

      The defendants – or the Department of Public Safety and Correctional Services – should not be ordered to produce the information he seeks concerning "other complaints of abuse by correctional officers against inmates at RCI." To comply with such a demand would place on DPSCS and RCI an overly burdensome expense of time and effort. Plaintiff is demanding that State personnel engage in – to use a hackneyed but nevertheless apt expression - a "fishing expedition," bearing a burden that they ought not have to shoulder.

      Plaintiff seeks the disclosure of all complaints of "abuse" made by prisoners at RCI against officers over a period of four years, together with the disposition or outcome of each such complaint. The request is unduly burdensome because these type of complaints – ARPs and grievances – are not filed under the names of individual officers who may be the subject of an inmate's displeasure. Rather, such complaints are logged in and filed under the name and ID number of the individual inmates. So are letters from inmates to the Warden's office. Even in the computerized logs of inmate complaints at RCI, the subject matter of an ARP is summarized very briefly and usually does not include the name of an individual officer who

The Honorable Catherine C. Blake
February 21, 2013
Page 2

may be complained about. In order to fulfill the demand, therefore, already busy DPSCS staff would be required to read - individually - virtually every complaint filed by every inmate who submitted one over a period of four years, most handwritten and many barely legible, to look for the names of officers and allegations of "abuse," however defined. This would amount to – literally – thousands of documents. To divert staff from their important, regular duties in order to conduct Plaintiff's fishing expedition would be unduly burdensome in the truest sense of that phrase.

The exercise would be further burdened by the fact that most – if not all – of the requested information would no longer be at RCI, but would have been boxed and moved to archives in accordance with standard records retention policy.

And there is no likelihood that the information that may be obtained from all of this effort – pure hearsay - would ever be admissible at a trial of this matter. Indeed, the "two separate incidents" to which counsel referred in his December 19 letter include at least one alleged incident that took place *after* Plaintiff had left RCI for a prison in Pennsylvania.

It may be possible to arrange for Plaintiff's counsel to review the many hundreds of grievances and complaints, which could be made available for inspection, in order for him to determine which, if any, may be useful to him. But this burden should not be placed on State personnel.

I expect to have further discussions with Plaintiff's counsel about these matters, as there may be alternatives to explore in order to accommodate a more reasonable and narrowed request, tailored to the defendants in this case. Indeed, information of that kind has already been provided to him voluntarily and I am amenable to finding out if any more exists.

Thank you for your attention.

Respectfully,

/s/

Rex S. Gordon
Assistant Attorney General

cc:   All Counsel of Record via ECF